

**U.S. Department of Justice**
*United States Attorney*
*District of Maryland*

| | | |
|---|---|---|
| *Keelan F. Diana* | *Suite 400* | *DIRECT: 410-209-4958* |
| *Special Assistant United States Attorney* | *36 S. Charles Street* | *MAIN: 410-209-4800* |
| *Keelan.Diana@usdoj.gov* | *Baltimore, MD 21201-3119* | *FAX: 410-962-3124* |

August 27, 2024

The Honorable Julie Rebecca Rubin
United States District Judge
United States Courthouse
101 W. Lombard Street
Baltimore, Maryland 21201

      Re:    <u>United States v. Michael Harrell</u>
               Crim. No. JRR-23-00153

Dear Judge Rubin:

      The Government submits this letter in advance of sentencing in the above-captioned case, which is scheduled for September 3, 2024, at 2:00 p.m. The Government respectfully recommends that the Court impose a sentence of **87 months of imprisonment** on the Defendant, Michael Harrell (the "Defendant"), pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure and the terms of the plea agreement entered into by the Parties on April 29, 2024. *See* ECF No. 19.

## <u>Introduction</u>

      The Defendant was arrested just before 10:00 p.m. on January 13, 2023, after attempting to flee from Baltimore Police Department ("BPD") officers during a traffic stop on West North Avenue. PSR, ¶ 8 (ECF No. 22). The officers noticed a black two-door 2008 Honda Accord with temporary tags idling at the curb; they ran the tag and discovered that it was registered to a different vehicle. *Id.* An officer leaned into the open door of the Defendant's vehicle to question him, and as he did so, he noticed a black-and-silver handgun sitting on the floorboard at the Defendant's feet, along with a clear plastic baggie containing several gelatin capsules that the officer suspected to be cocaine in the compartment behind the handle of the front driver door. *Id.* at ¶ 9. The officer ordered the Defendant to remain in place, but the Defendant accelerated, dragging the officer alongside the vehicle as it smashed into a parked police cruiser, jumped a curb, and crashed into a "No Parking" sign and tree. *Id.* at ¶¶ 8-10. Officers recovered a Taurus PT845 .45 caliber pistol with a silver-colored slide and a black grip from the front floorboard; it was loaded with thirteen rounds of ammunition. *Id.* at ¶ 11. The Defendant also possessed

distribution quantities of cocaine and fentanyl, packaging material and paraphernalia consistent with drug trafficking, and $5,440.00 in currency.

On April 29, 2024, the Defendant pled guilty to Count One of the April 27, 2023, Indictment, admitting that he violated 18 U.S.C. § 922(g)(1) when he possessed a firearm as a prohibited person.  For the reasons stated below, the Government believes that a sentence of 87 months of imprisonment is sufficient but not greater than necessary to comply with the objectives set forth in 18 U.S.C. § 3553(a).[1]

## Sentencing Procedure

In *Gall v. United States*, 552 U.S. 38 (2007), the Supreme Court of the United States set forth a multi-step process for imposing sentence in a criminal case.  552 U.S. at 51–52.  A sentencing court should begin by correctly calculating the applicable guidelines range under the United States Sentencing Guidelines ("USSG" or "Guidelines").  *Id*. at 49–50.  After providing the parties with an opportunity to present argument, the court should consider the factors set forth in 18 U.S.C. § 3553(a), "mak[ing] an individualized assessment based on the facts presented."  *Id*. at 50; *accord United States v. Diosdado-Star*, 630 F.3d 359, 363 (4th Cir. 2011).  If the court "decides that an outside-[g]uidelines sentence is warranted, [it] must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance."  *Id.*

## Factors Set Forth in 18 U.S.C. § 3553(a)

The factors set forth in 18 U.S.C. § 3553(a) include: (1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (4) the need for the sentence to afford adequate deterrence to criminal conduct; (5) the need for the sentence to protect the public from further crimes of the Defendant; (6) the need to provide the Defendant with educational and vocational training, medical care, or other correctional treatment in the most effective manner; (7) the kinds of sentences available; (8) the need to provide restitution to victims; and (9) the need to avoid unwarranted sentencing disparity among defendants involved in similar conduct who have similar records.  18 U.S.C. § 3553(a).

## Nature and Circumstances of the Offense, Seriousness of the Offense, and the Need to Protect the Public From Further Crimes of the Defendant (18 U.S.C. § 3553)(a)(1)-(2))

At 31 years old, with numerous prior felony convictions, the Defendant was arrested for fleeing police officers while in possession of a loaded pistol and distribution quantities of cocaine and fentanyl.  PSR, ¶¶ 8-10.  During this flight, the Defendant dragged a BPD officer along the street as the officer clung to the door of his vehicle.  In his haste to escape the consequences of his actions, the Defendant placed lives in danger, transforming a routine traffic stop into a potentially fatal event.  The nature and circumstances of the Defendant's offense call for a sentence that reflects the seriousness of the Defendant's conduct.  The Defendant's disregard for the safety of

---

[1] The Government reserves the right to supplement this memorandum with evidence and argument at the sentencing hearing.

Case 1:23-cr-00153-JRR    Document 28    Filed 08/27/24    Page 3 of 4

citizens in one of the most dangerous cities in the United States—a city that recorded 293 homicides caused by firearms in 2021 alone, out of 338 total homicides—demands a significant sentence.[2]  The possession of a loaded firearm in a vehicle endangers the public.  As gun-related violence in Baltimore City continues to soar, such reckless indifference to public safety should be roundly discouraged.

<u>History and Characteristics of the Offender (18 U.S.C. § 3553(a)(1))</u>

Seven years represents a significant period of incarceration.  For the Defendant, who is well-acquainted with the criminal justice system, it would not be inconsistent with sentences he has received for his past criminal conduct, including possession with intent to distribute controlled substances.  PSR, ¶¶ 30-37.  It is worth noting that many of the Defendant's convictions involved flight from law enforcement, and that those offenses grew more serious as the Defendant got older, ranging from burglary and driving without a license to distribution of heroin and cocaine.  The Defendant also has a history of probation violation and non-compliance with conditions of release.  The Defendant's conduct in the present case is indeed serious, and the criminal history score assigned to him accurately states both his dangerousness and his propensity to reoffend.

<u>The Need for the Sentence to Reflect the Seriousness of the Offense, to Promote Respect for the Rule of Law, and to Afford Adequate Deterrence to Criminal Conduct (18 U.S.C. § 3553(a)(2))</u>

In crafting the Defendant's sentence, the Court should consider the seriousness of the Defendant's conduct and the need to promote respect for the rule of law.  Firearms and drug trafficking offenses involve significant and ongoing threats to public health and safety.  An 87-month sentence is within the Guidelines range for the Defendant—not below and not above.  The Government believes that a Guidelines sentence is appropriate in this case.

## **Conclusion**

For the reasons stated above, the United States respectfully submits that a sentence of 87 months of imprisonment would be sufficient but not greater than necessary to achieve the purposes of sentencing under 18 U.S.C. § 3553(a).

We sincerely thank the Court for its consideration in this matter.

---

[2] Data taken from *Baltimore Homicides*, https://homicides.news.baltimoresun.com/?range=2021&cause=shooting; https://homicides.news.baltimoresun.com/?range=2021&cause=all (last accessed December 19, 2022).

Very truly yours,

Erek L. Barron
United States Attorney


_____/s/_____
Keelan F. Diana
Special Assistant United States Attorney


cc:     Julie M. Reamy, Esq.